# EXHIBIT A

F I L E D

IN THE CIRCUIT COURT OF THE NINETEENTH JUDICIAL CIRCUIT
LAKE COUNTY, ILLINOIS

JUL 19 2013

CIRCUIT CLERK

| | | |
|---|---|---|
| ALLAN MICHELL | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. **13 MR 1411** |
| | ) | |
| I.C. SYSTEM, INC. | ) | Amount: $ 21,000.00 |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

NOW comes the Plaintiff, ALLAN MICHELL, by LARRY J. MEYER, its attorney, and complaining of Defendant, I.C. SYSTEM, INC., states as follows:

1. Plaintiff is a natural person who resides in Buffalo Grove, Lake County, Illinois.

2. Defendant is a corporation formed and existing under the laws of Minnesota and which conducts business in Illinois by making telephone calls to residents of that state.

3. On or about the following dates the Plaintiff received pre-recorded messages on his cellular telephone which were made using an automatic telephone dialing system from a phone number belonging to the Defendant:

| | |
|---|---|
| 1-17-13  - 10:03am | 3-7-13  -  4:02pm |
| 1-30-13  - 10:15am | 3-8-13  - 11:54am |
| 2-12-13  - 10:29am | 3-11-13 - 11:56am |
| 2-13-13  - 11:11am | 3-12-13 - 11:20am |
| 2-14-13  - 10:38am | |
| 2-19-13  - 11:33am | |
| 2-26-13  - 10:32am | |
| 2-27-13 -  2:11pm | |
| 3-4-13  - 11:00am | |
| 3-5-13  - 12:04pm | |

4. The calls were made without Plaintiff's prior express permission or consent.

5. Defendant knew or should have known that the calls were made to Plaintiff's cellular phone and that they did not have Plaintiff's prior consent to make such telephone contact.

6. The Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 prohibits a person or entity within the United States from using an auto dialer or artificial pre-recorded voice to deliver a message to cellular telephone numbers. The TCPA was enacted to protect private rights and provides a private right of action for violations and provides for liquidated statutory damages of $500.00 per violation.

7. Further, 47 U.S.C. § 227 (b)(3) provides a private right of action to Plaintiff for Defendant's violation. Said section states:

> A person or entity may, if otherwise permitted by the laws or rules of court of a state, bring in an appropriate court of that state:
>
> (A) An action based on a violation of this subsection or the regulations prescribed under this subsection to enjoin such violation,
>
> (B) An action to recover for actual monetary loss from such a violation, or to receive $500.00 in damages for each such violation, whichever is greater, or
>
> (C) Both such actions.

The Court, in its discretion, can treble the statutory liquidated damages award if it finds the TCPA violation was knowing.

8. The TCPA is a strict liability statute and Defendant is liable to Plaintiff even if its actions were only negligent.

9. Defendant's actions in placing call to Plaintiff violates his right to privacy.

## CERTIFICATION

Under penalties, as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters therein stated to be on information and belief, and as to such matters, the undersigned certifies as aforesaid that he verily believes the same to be true.

*[signature]*

Allan Michell

Larry J. Meyer
205 W. Randolph Street Suite 820
Chicago, Illinois 60606
(312) 346-0875
ARDC #: 3122052